IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY L. DANCE

    Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA, et al.,

    Defendants.

CIVIL ACTION
NO. 17-5818

## MEMORANDUM

SCHMEHL, J.                                                                                                 JULY 9, 2018

Defendants Commonwealth of Pennsylvania ("Commonwealth"), Pennsylvania State Police ("PSP"), Marcus Brown ("Colonel Brown"), Tyree Blocker ("Colonel Blocker"), George Bivens ("Lieutenant Colonel Bivens"), Lisa Christie ("Lieutenant Colonel Christie"), Edward Hoke ("Major Hoke"), Wendell Morris ("Captain Morris"), William Arndt ("Captain Arndt"), Gregory Bacher ("Captain Bacher"), David Cain ("Lieutenant Cain"), Michael Witmer ("Lieutenant Witmer"), Thomas Tran ("Lieutenant Tran"), William Brown ("Lieutenant Brown") (collectively "PSP Defendants"), move for partial dismissal and transfer of the remaining claims to the Middle District of Pennsylvania. Plaintiff Gary L. Dance, Jr., argues venue is proper in this district because a substantial part of the events giving rise to Mr. Dance's claim occurred in this district. For the reasons below, this Court will grant Defendants' motion in part and transfer the remaining claims to the Middle District of Pennsylvania.

## I. BACKGROUND

Plaintiff Gary L. Dance, Jr., files this lawsuit against the Commonwealth, PSP, and twelve individual Defendants alleging: Count I) First Amendment Retaliation under 42 U.S.C. §

1983; Count II) Race Discrimination under 42 U.S.C. § 1983; Count III) Employment Discrimination/Retaliation under 42 U.S.C. § 2000e; Count IV) Employment Discrimination/Hostile work environment under 42 U.S.C. § 2000e; and Count V) Employment Discrimination/Retaliation under the Pennsylvania Human Relations Act 43 P.S. § 951.

Mr. Dance, an African American male, began working with the Pennsylvania State Police in 1993. (ECF Docket No. 1, ¶ 27.) PSP assigned Mr. Dance to Troop T, Pocono as a Trooper following his graduation. (Id. at ¶28.) In 1996, PSP transferred Mr. Dance to the King of Prussia station. (Id. at ¶ 29.) After a series of promotions to Corporal (1998), Sergeant (2002), and Lieutenant (2005), PSP reassigned Mr. Dance in 2012 to Troop T in Highshire, Pennsylvania, as the Eastern Section Field Commander and supervisor over two stations: King of Prussia and Pocono. (Id. at ¶¶ 30-33.) Throughout this time, Mr. Dance was the "only minority, Black Field Commander in the entire PSP." (Id. at ¶ 40.)

Mr. Dance brings this lawsuit against Defendants alleging discrimination. (ECF Docket No. 1.) Mr. Dance alleges: the PSP did not allow him to attend important Senate hearings, but allowed subordinates to attend; he received lower evaluations due to his complaints of racial profiling; PSP did not offer him promotions within Troop T and Troop R, instead selecting members with less seniority; and the PSP denied him employment opportunities because of his race. (Id.) Defendants then moved to partially dismiss the case and transfer venue to the Middle District of Pennsylvania. On June 19, 2018, this Court held oral arguments on the motion.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

2

satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

Also, under Federal Rule of Civil Procedure 12(b)(3), a court must grant a motion to dismiss if venue is improper. *Leone v. Cataldo*, 574 F.Supp.2d 471, 483 (E.D. Pa. 2008). When deciding a Rule 12(b)(3) motion, the court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Kimmel v. Phelan Hallinan & Schmieg*, 847 F.Supp.2d 753, 759 (E.D. Pa. 2012) (citing *Bockman v. First Am. Mktg. Corp.*, 2012 WL 171972, at *1 n. 1 (3d Cir.2012)). In a motion to dismiss for

3

improper venue, the defendant bears the burden of showing that venue is improper. *MacKay v. Donovan*, 747 F.Supp.2d 496, 502 (E.D. Pa. 2010) (citing *Leone*, 574 F.Supp.2d at 483)).

### III. ANALYSIS

#### a. This case will be transferred to the Middle District of Pennsylvania as the Eastern District is not the proper venue.

Defendants argue the remaining claims should be transferred to the Middle District of Pennsylvania because all factors related to venue, addressed below, favor transfer to the Middle District. Under venue, the test is not defendant's "contacts" with a particular district; rather, it is the "location of those events or omissions giving rise to the claim." *Leone*, 574 F.Supp.2d at 483. Under 28 U.S.C. § 1391(b), venue generally is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The movant bears the burden of showing that venue is improper. *MacKay*, 747 F.Supp.2d at 502.

In evaluating a transfer or dismissal based on venue considerations, this Court must first analyze whether venue is proper under 28 U.S.C. § 1391. If venue is proper, this Court may consider transfer under 28 U.S.C. § 1404. If not, this Court would consider dismissal or transfer under 28 U.S.C. § 1406. In federal court, venue is governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer where both the original and requested venue is proper. Section 1406 applies where original venue is improper and provides for either transfer or dismissal. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

Although Mr. Dance filed in this district, it is not clear this district is the proper venue under § 1391. Mr. Dance resides in the Middle District of Pennsylvania; the majority of events giving rise to Mr. Dance's claims – reassigned to Troop T, not promoted to Field Command of Troop R, excluded from participating in a manhunt – occurred in the Middle District; and the PSP Departmental Headquarters and offices triggering the dispute are located in the Middle District. (ECF Docket No. 1; ECF Docket No. 19, at 23.) But, Mr. Dance argues venue is proper in this district because the alleged discriminatory acts occurred in this district when the PSP reassigned Mr. Dance as Eastern Section Field Commander and supervisor over the King of Prussia station and the Pocono station. ECF Docket No. 1, ¶ 33). We address § 1391 venue below.

First, venue is proper in a judicial district in which any defendant resides. 28 U.S.C. § 1391(a). Mr. Dance cannot satisfy this requirement as it does not appear any of the Defendants reside in this district. The Commonwealth and PSP – as a state and state agency respectively – reside in Harrisburg, Pennsylvania, which is in the Middle District. None of the individual Defendants, according to the Complaint, reside in this district. Under Section 1391(a), venue is improper in this district.

Second, venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). Mr. Dance argues the discrimination occurred in this district which satisfies section 1391(b). (ECF Docket No. 1, ¶¶ 65-66.) Mr. Dance argues this district is the proper venue because: 1) PSP reassigned Mr. Dance as Field Commander and supervisor of the King of Prussia station; 2) Captain Bacher excluded him from investigating a crash in King of Prussia (ECF Docket No. 1, ¶¶ 64-69); and 3) Captain Bacher excluded him from State Senate hearings involving PSP's response to a major accident in King

5

of Prussia. (ECF Docket No. 1, ¶¶ 53-55.) Besides the above, Mr. Dance does not put forth any further evidence of discrimination occurring in this district.

Most of the events in the Complaint, though, clearly occurred in the Middle District. During the relevant time period, Mr. Dance operated as Station Commander at PSP's Pocono Station, located in the Middle District (ECF Docket No. 1, ¶¶ 29, 33); PSP reassigned him to Troop T – located in the Middle District – as supervisor of King of Prussia and Pocono Stations (Id. at ¶ 33); Sergeant Holt's "roll call" incident occurred in the Middle District (Id. at ¶¶ 76, 79, 82-83); PSP offices are located in the Middle District (ECF Docket No. 10, at 9); PSP did not select Mr. Dance as Troop Field Command position at Troop R, located in the Middle District (ECF Docket No. 1, ¶¶ 131-34); PSP did not select him for a promotion within Troop T, located in the Middle District (Id. at ¶¶ 71-74); PSP excluded him from assisting in a manhunt in Dunmore, Pennsylvania, located in the Middle District (Id. at ¶¶ 101-104); PSP Departmental Headquarters are located in the Middle District (ECF Docket No. 10, at 9); PSP personnel records are stored in the Middle District (Id.); and all individual Defendants are located in the Middle District (Id. at 10). An incident or two, as alleged by Mr. Dance, does not confer venue in this district. Because a substantial part of the events giving rise to the claim occurred in the Middle District, venue under section 1391(b) is improper in this district.

And finally, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action if there is no district in which an action may otherwise be brought. 28 U.S.C. § 1391(c). Because venue is proper in the Middle District of Pennsylvania, section 1391(c) does not apply and no personal jurisdiction analysis is needed.

Upon concluding this district is the improper venue under § 1391, this Court must then evaluate whether transfer of claims against Defendants is warranted under 28 U.S.C. § 1406(a). *Jumara*, 55 F.3d at 878 (applying Section 1406(a) when original venue is improper). Section 1406(a) states: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. This Court finds transfer of claims against Defendants is warranted. Therefore, in the interests of justice and judicial economy, this case is transferred to the Middle District of Pennsylvania.

Besides, even if venue was proper in this district, this Court would still transfer this case to the Middle District under § 1404. "A trial court has discretion to transfer a case '[f]or the convenience of parties and witnesses' 'to any other district or division where it might have been brought' if doing so is in the 'interest of justice[.]'" *Crayola, LLC v. Buckley*, 179 F.Supp.3d 473, 480 (E.D. Pa. 2016) (citing 28 U.S.C. § 1404(a)). Transfer of venue under § 1404 involves balancing private-interest and public-interest factors under the well-known *Jumara* framework. *Jumara*, 55 F.3d 873, 879 (3d Cir. 1995).

The relevant private-interests factors from *Jumara* are: "the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of the books and records." *Id.* (citations omitted). The relevant public-interests from *Jumara* are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80 (citations omitted). But, *Jumara* also provides that courts should not limit consideration to only

7

the enumerated factors (convenience of parties, convenience of witnesses, or interests of justice), but should also consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Edwards v. Equifax Information Services, LLC*, 2018 WL 3046603, at *2 (E.D. Pa. 2018).

Consideration of these factors also weighs in favor of transfer. Although Mr. Dance filed in this district, the private and public interest factors are guided here by Defendants' preference, convenience of the parties, location of the books and records, practical considerations regarding expense and efficiency of litigation, and the Middle District's interest in deciding this controversy at home. The claims arose in the Middle District. The majority of relevant evidence and witnesses are located in the Middle District. It is easier for Defendants to defend themselves in the Middle District. Only Mr. Dance's preference weighs against transfer, and while the plaintiff's forum preference is given priority when the plaintiff brings an action in a properly venued forum, here the plaintiff's preference alone is not nearly enough. *Crayola, LLC*, 179 F.Supp.3d at 480. And because this Court already concluded this district is not the properly venued forum, all factors would weigh heavily in favor of transfer to the Middle District.

Accordingly, as Defendants clearly satisfy the burden of showing venue is proper in the Middle District, this Court will transfer the case to the Middle District of Pennsylvania.

b. The parties agree to dismiss Counts I and II (Section 1983 claims) against the Commonwealth and PSP.[1]

Mr. Dance brings two Section 1983 claims against the Commonwealth and PSP: 1) First Amendment Retaliation; and 2) Racial Discrimination. (ECF Docket No. 1, ¶¶ 324-58.) "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that

---

[1] At the June 19, 2018 oral argument, both Mr. Dance and Defendants stipulated to dismissal of Mr. Dance's § 1983 claims (Counts I and II) against both the Commonwealth and PSP.

8

they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). For purposes of § 1983, the wrongdoing must be committed by a "person" as defined by the Supreme Court. Neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Absent a statutory waiver from Congress, Courts have no jurisdiction to entertain suits against the United States or its agencies under § 1983 claims. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *see also Hollihan v. Pennsylvania Department of Corrections*, 159 F.Supp.3d 502, 510 (M.D. Pa. 2016) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997).

Given Commonwealth and PSP are outside the class of "persons" subject to liability under § 1983, Counts I and II against Commonwealth and PSP will be dismissed. Counts I and II against individual Defendants, to the extent they are legally cognizable, will remain.

c. The parties agree to dismiss the discrimination claims in Counts III, IV, and V against the individual Defendants.[2]

Mr. Dance brings three Title VII and Pennsylvania Human Relations Act ("PHRA") claims against the individual Defendants: 1) discrimination; 2) retaliation; and 3) hostile work environment. (ECF Docket No. 1, ¶¶ 359-404.) But, our court of appeals has long held that individual employees cannot be held liable under Title VII. "[T]he clear majority of the courts

---

[2] At the June 19, 2018 oral argument, both Mr. Dance and Defendants stipulated to dismissal of Mr. Dance's Title VII and PHRA (Counts III, IV, and V) claims against individual Defendants

9

of appeals that have considered this question have held that individual employees cannot be held liable under Title VII." *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir.), *cert. denied*, 516 U.S. 1011 (1995); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994)). Similarly, employees cannot be held liable for claims alleging discrimination or retaliation under the PHRA; but, individual supervisory employees can be held liable under a theory of aiding and abetting/accomplice liability under. *Brzozowski v. Pennsylvania Turnpike Commission*, 165 F.Supp.3d 251, 263 (E.D. Pa. 2016). But, we will not address § 955(e) as Mr. Dance does not allege a violation under 43 Pa. Con. Stat. § 955(e).

Because Mr. Dance's Complaint alleges Title VII and PHRA violations against individual Defendants, Counts III, IV, and V against individual Defendants will be dismissed. Counts III, IV, and V against the Commonwealth and PSP, to the extent they are legally cognizable, will remain.

## IV. <u>CONCLUSION</u>

In the accompanying order, this Court grants Defendants' Motion to Dismiss in part. We find this district is the improper venue and will transfer this case to the Middle District of Pennsylvania. Also, Counts I and II against the Commonwealth and PSP will be dismissed; Counts I and II against the individual Defendants will remain. Counts III, IV, and V against the individual Defendants will be dismissed; Counts III, IV, and V against the Commonwealth and PSP will remain. This Court will not address the remaining arguments in Defendants' motion as this case will be transferred to the Middle District.